[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
The matter before the Court is defendant's motion for a new trial based upon newly discovered evidence. On October 15, 1988 the defendant was charged by way of criminal information with one count of assault with a dangerous weapon, a baseball bat, in violation of Gen. Laws 1956, (1981 Reenactment) § 11-5-2. The victim in that case was Mr. Benedetto Oropeza. On February 8, 1990 following a trial by jury before Mr. Justice Orton the defendant was found guilty. A motion for a new trial was denied and on April 17, 1990 the defendant was sentenced to ten years at the Adult Correctional Institutions, he was ordered to serve six years of that sentence and the remaining four years was suspended. The defendant was placed on probation for a period of four years.
An appeal of that conviction to the Rhode Island Supreme Court was subsequently withdrawn on July 29, 1991, some six weeks after the discovery of the newly discovered evidence.
The facts giving rise to the defendant's conviction are that during October of 1988, Mr. Benedetto Oropeza was living at 256 Carpenter Street in the Federal Hill area of the City of Providence. That on October 15, 1988 he was brutally beaten by an assailant wielding a baseball bat. This assault occurred at 256 Carpenter Street in a common bathroom of this multi-apartment building.
Mr. Oropeza is a hispanic male originally from Cuba. He had been living at 256 Carpenter Street for two months. Oropeza testified that he arrived home from work at about 6 p.m. on October 15, 1988 and at about 7:30 p.m. he went to the bathroom to take a shower. This bathroom is shared by other tenants and is located in the hallway. After he finished his shower he opened the door to the bathroom and observed a man he later identified as the defendant. He testified the defendant was holding a baseball bat and began striking Mr. Oropeza repeatedly. He was also yelling obscenities and racial slurs. He testified his assailant told him he hates Spanish people and that Mr. Oropeza should move away from his home and neighborhood.
Mr. Oropeza recognized his assailant immediately. Although he did not know the defendant's name and was not able to learn his name until sometime after the assault, he had seen the defendant on two prior occasions, including the night before the incident at a local bar. Further, the opportunity to view his assailant at the time of the assault was good. These men were face to face in a well-lighted area before the assault and the victim was able to look into the defendant's face several times during the assault.
The newly discovered evidence upon which the motion for new trial rests consists of an out-of-court interview of Donald Bennett, which was conducted at the law offices of defense counsel on June 10, 1991. In the statement which was introduced as a full exhibit Mr. Bennett indicates that he was the man responsible for the beating of Mr. Oropeza. He recounts that he was involved in an assault in 1988 of a man which "(s)tarted outside, on the side of the house and ended in the hallway" on the first floor. During this assault Mr. Bennett used his hands and not a weapon or a baseball bat. At the conclusion of the assault Mr. Bennett threw the man down the stairs.
During the hearing on the motion for new trial Mr. Bennett testified and was represented by counsel. He indicated he has known the defendant for quite a few years. However, when he was asked any questions relative to an assault on Carpenter and Knight Streets he invoked his Fifth Amendment privilege against self incrimination and refused to even acknowledge the prior statement as his. Defense counsel presented no other evidence. The parties stipulated that Mr. Oropeza was shown a photograph of Donald Bennett and declared he was not the man who assaulted him.
In ruling on a motion for a new trial based upon newly discovered evidence the trial justice must be satisfied the evidence was actually discovered since the trial. It must not be cumulative or impeaching. The evidence must be material to the issue and be of the kind that would probably change the verdict at a new trial. State v. Benoit, 117 R.I. 69, 363 A.2d 207
(1976); State v. Carsetti, 111 R.I. 642, 306 A.2d 166 (1973).
Where the evidence meets this threshold test, the trial justice must still determine whether the evidence presented is credible enough to warrant a new trial State v. Brown,528 A.2d 1098 (R.I. 1987). The trial justice must exercise his or her independent judgment as to the credibility of the witnesses and the weight to be given their testimony. State v. Brown,Supra, State v. Carsetti, 111 R.I. 642, 306 A.2d 166 (1973).
The newly discovered evidence upon which the motion for a new trial rests consists of an out-of-court statement against the penal interest of a non-party declarant. This declarant is now unavailable since he has invoked his Fifth Amendment privilege not to testify. Thus it is doubtful the statement itself is even admissible at any subsequent trial. Further, even if admissible, the probative value of such a statement in the face of the trial testimony is minimal.
Evidence of a stranger to the proceedings coming forward to confess to the crime is not evidence which is normally available or may become available through a diligent search. Nor is it evidence which is merely cumulative or impeaching. But when, as in this case, the newly discovered evidence consists of a vague statement by a lifelong family friend who has confessed to the commission of a similar offense, the evidence must be strictly scrutinized to determine whether it is credible enough to warrant a new trial.
The evidence presented in support of this motion does not approach the level of reliability and credibility necessary to vacate a conviction and order a new trial. The out-of-court statement of Mr. Bennett, even if admissible, is so clearly contradicted by the credible evidence of the victim and his physician as to render it incapable of changing the verdict at a new trial. State v. Benoit, 117 R.I. 69, 367 A.2d 207 (1976),State v. Carsetti, 111 R.I. 642, 306 A.2d 166 (1973).
According to his statement Mr. Bennett began the assault outside on the side of the house on Carpenter Street. Mr. Bennett used his hands and ultimately threw him down the stairs. The victim testified the assault occurred in the bathroom on the second floor and his assailant used a baseball bat. Dr. Gregory Austin testified that he is an orthopedic surgeon who treated Mr. Oropeza for his injuries which consisted of a comminuted fracture of the right wrist. According to Dr. Austin this type of injury is commonly referred to as a nightstick fracture where a person uses his forearm to block blows to the head and face. It is the type of injury consistent with an individual being struck by a baseball bat.
The Court finds the evidence in this case to lack the requisite degree of credibility and reliability necessary to warrant a new trial. Indeed, it is doubtful whether an experienced criminal trial attorney would call Mr. Bennett to the witness stand under the circumstances of this case.
Accordingly the defendant's motion for a new trial is denied.